UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JTH TAX LLC (d/b/a LIBERTY TAX SERVICE) and SIEMPRETAX+ LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LORRAINE MCHUGH, RICHARD O'BRIEN, and KVC ENTERPRISES LLC,<br><br>Defendants. | Case No. C20-329 RSM<br><br>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs' March 13, 2020, Motion for Temporary Restraining Order ("TRO"). Dkt #8. Defendants have not yet appeared in this matter and have not filed any responsive briefing.

## II.  BACKGROUND

Plaintiffs Liberty Tax Service and SiempreTax+ operate thousands of tax preparation service centers nationally. Dkt. #10 ("Magerle Decl.") at ¶¶ 5–8. Plaintiffs grant licenses to franchisees to use registered trademarks and to participate in confidential and proprietary business systems pursuant to written franchise agreements. *Id*. at ¶¶ 10–13.

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

On June 24, 2015, Defendant Lorraine McHugh entered into certain Franchise Agreements with Plaintiffs. *Id*. at ¶ 14 and Ex.'s D and E. She was given a territory of areas near and including Federal Way, Washington, in which to operate her franchise. *Id*. The Agreement restricted the use of confidential and proprietary business information that would be provided to her as franchisee. Magerle. Decl. at ¶ 15. Defendant McHugh apparently operated this business with Defendant O'Brien through the business KVC. Dkt. #8 at 6.

The Franchise Agreements included a non-compete clause, which stated that: "[f]or a period of two (2) years following the… termination… of the Franchised Business… you agree not to directly or indirectly, for a fee or charge, prepare or electronically file income tax returns… within the Territory or within a twenty-five miles of the boundaries of the Territory." Magerle Decl. Ex. D at §10.b.; Ex. E at §10.b.

The Franchise Agreements also included non-solicit and non-disclosure clauses. Magerle Decl., Ex. D at § 10.d.; Ex. E at § 10.d; Ex. D at § 12.c; Ex. E at § 12.c. Under section 10.h., McHugh agreed that Plaintiffs are "entitled to a temporary restraining order, preliminary and permanent injunction for any breach of duties under any of the non-monetary obligations of paragraph 9 [post-term obligations] above or of this Paragraph 10 [non-compete/non-solicitation agreements] and that such an order or injunctions shall issue without the posting of any bond by Liberty." Magerle Decl., Ex. D-E. Virginia law governs all substantive claims related to the Franchise Agreement. Ex. D at § 17a.; Ex. E at § 17.a.

Plaintiffs allege that Defendant McHugh effectively abandoned her franchises in the Spring of 2019, and therefore sent her a franchise termination letter on August 2, 2019. Magerle Decl. at ¶18 and Ex. K. The letter discussed evidence that McHugh abandoned her franchises and pointed out that she owed Plaintiffs thousands of dollars.

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

After the termination, Plaintiffs discovered that Defendant McHugh's business, KVC, and KVC Tax Services, a new tax preparation business, were operating out of an office at 1609 Central Ave. South, Suite L, Kent, WA 98032 (the "Kent location"). Magerle Decl. at ¶ 20; Ex. F. This location is less than ten miles from Federal Way. Plaintiffs state that "[c]ustomer reviews regarding KVC demonstrate that McHugh and KVC are operating a competing tax business and soliciting Plaintiffs' former franchises' customers." Dkt. #8 at 6. Plaintiffs cite to three reviews indicating that Defendant McHugh has retained customers who are returning for the same tax services this year. *Id*. at 7. Plaintiffs argue that McHugh's LinkedIn page still notes that she is "director of operations" at Liberty. *Id*. at 7.

Plaintiffs allege that Defendant McHugh has knowingly and intentionally breached her Franchise Agreements with Plaintiffs by operating KVC, a competing tax preparation business, after Plaintiffs terminated her franchise. Dkt. #8 at 1.

### III. LEGAL ANALYSIS

The first question is whether Defendants Lorraine McHugh, Richard O'Brien, and KVC Enterprises LLC have received notice of this Motion. Plaintiffs have submitted proof of service of the summons and Complaint on all three Defendants. Dkts. #12 – #14. For the instant Motion, however, Plaintiffs have only submitted proof of in-person service as to Ms. McHugh and KVC Enterprises. Dkts. #15 and #16. Service was not successful on Mr. O'Brien. Dkt. #17. However, Plaintiffs have submitted proof of service by mail to Mr. O'Brien, who resides at the same address as Ms. McHugh. The Court has little doubt that all three Defendants now have actual notice of the instant Motion.

Plaintiffs, relying on their verified Complaint and declarations submitted with this Motion, "seek the Court's assistance in enforcing McHugh's Franchise Agreements and

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

protecting them from Defendants' further unlawful competition and solicitation of Plaintiffs' customers." Dkt. #8 at 2. Specifically, Plaintiffs request that the Court:

1. Enjoin Defendants from holding themselves out as being associated with Plaintiffs.

2. Enjoin Defendants from owning, maintaining, engaging in, or having any interest in any other business which sells any products and services similar to those sold as part of the Liberty Tax Service® or SiempreTax systems within 25 miles of McHugh's former Franchise's location for two years;

3. Enjoin Defendants from employing or seeking to employ any person who is employed by Plaintiffs or any of Plaintiffs' franchisees, or otherwise induce or seek to induce such person to leave his or her employment;

4. Enjoin Defendants from using any Confidential Information, including but not limited to customer lists, manuals, or others systems provided by Plaintiffs; and

5. Enjoin Defendants from diverting or attempting to divert any customer or business from Plaintiffs or solicit or endeavor to obtain the business of any person who have been a customer of any of the Franchise Locations.

*Id*. at 3.

Typically, in order to succeed on a motion for temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving

party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). "Unless the Court orders otherwise, the adverse party must (1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion, and (2) file its response, if any, within forty-eight hours after the motion is served." LCR 65(b)(5).

The Court finds that Defendants have received notice of this Motion and have failed to timely respond in accordance with the Local Rules. The Court has reviewed the attached materials and the verified Complaint and finds that Plaintiffs have made a sufficient showing of a likelihood to succeed on the merits. It appears to the Court that Defendants have breached valid and enforceable noncompetition agreements with Plaintiffs by operating a competing tax business and soliciting Plaintiffs' former franchises' customers. These noncompetition provisions were appropriately limited in time and geography and have been upheld in Virginia. *See JTH Tax, Inc. v. Noor,* No. 2:11cv22, 2012 U.S. Dist. LEXIS 138657, at *13 (E.D. Va. Sep. 26, 2012); *Salewski v. Pilchuck Veterinary Hosp., Inc.*, 189 Wn. App. 898, 906, 359 P.3d 884, 888 (2015). Plaintiffs have made the required showing of irreparable harm by arguing that Defendants' actions risk a loss of customer goodwill and damage to the franchisee system. *See* Dkt. #8 at 12–13 (citing, *inter alia*, *Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 763 (9th Cir. 2018); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001)). The Court agrees with Plaintiffs that, based on this record, the balance of equites tips in favor of Plaintiffs and that a TRO is in the public interest as it could prevent customer confusion.

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 5

The Plaintiffs' requested relief will be limited to that which is appropriate for a TRO. Further injunctive relief may be appropriate at a later stage in this case.

## IV.   CONCLUSION

Having considered Plaintiff's Motion and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiffs' Motion for Temporary Restraining Order (Dkt. #7) is GRANTED.
2. Defendants Lorraine McHugh, Richard O'Brien, and KVC Enterprises LLC are enjoined from the following:
   a. Operating a tax preparation business or using and/or displaying Plaintiffs' Marks without Plaintiffs' consent;
   b. Seeking to employ any person who is employed by Plaintiffs or any of their Franchisees, or otherwise inducing or seeking to induce such person to leave his or her employment;
   c. Using any confidential information from manuals or systems provided by Plaintiffs;
   d. Diverting or attempting to divert any customer or business from Plaintiffs or soliciting or endeavoring to obtain the business of any person who shall have been a customer of any of Defendants' prior franchise locations.
3. The Court will hold a telephonic hearing on **April 1, 2020, at 1:00 p.m.** for Defendants to show cause why this Temporary Restraining Order should not convert to a preliminary injunction.  Participants can join the call by dialing 888-251-2909 and entering the Access Code  1307658 followed by #.

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 6

4. Bond is not required at this time and will be addressed at the telephonic hearing.

5. Plaintiffs are directed to serve this Order on Defendants immediately and provide the Court with proof of service.

DATED this 20th day of March 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER - 7