UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JTH TAX LLC (d/b/a LIBERTY TAX SERVICE) and SIEMPRETAX+ LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LORRAINE MCHUGH, RICHARD O'BRIEN, and KVC ENTERPRISES LLC,<br><br>Defendants. | Case No. C20-329RSM<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' March 13, 2020, Motion for Temporary Restraining Order and Preliminary Injunction. Dkt #8. On March 20, 2020, the Court granted Plaintiffs' requested relief of a TRO and ordered a telephonic hearing be held on April 1, 2020, to address whether the TRO should convert to a preliminary injunction. Dkt. #20. The Court received responsive briefing from Defendants on March 31, 2020. Dkt. #26. On April 1, 2020, the Court heard from both parties telephonically and ordered supplemental briefing. Dkts. #30 and #31. The Court has reviewed this supplemental briefing and now rules that Plaintiffs' Motion for Preliminary Injunction is GRANTED as set forth below.

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 1

## II. BACKGROUND

Plaintiffs Liberty Tax Service and SiempreTax+ operate thousands of tax preparation service centers nationally. Dkt. #10 ("Magerle Decl.") at ¶¶ 5–8. Plaintiffs grant licenses to franchisees to use registered trademarks and to participate in confidential and proprietary business systems pursuant to written franchise agreements. *Id*. at ¶¶ 10–13.

On June 24, 2015, Defendant Lorraine McHugh entered into certain Franchise Agreements with Plaintiffs. *Id*. at ¶ 14 and Ex.'s D and E. She was given a territory of areas near and including Federal Way, Washington, in which to operate her franchise. *Id*. The Agreement restricted the use of confidential and proprietary business information that would be provided to her as franchisee. Magerle. Decl. at ¶ 15. Defendant McHugh apparently operated this business with Defendant O'Brien through the business KVC. Dkt. #8 at 6.

The Franchise Agreements included a non-compete clause, which stated that: "[f]or a period of two (2) years following the… termination… of the Franchised Business… you agree not to directly or indirectly, for a fee or charge, prepare or electronically file income tax returns… within the Territory or within a twenty-five miles of the boundaries of the Territory." Magerle Decl. Ex. D at §10.b.; Ex. E at §10.b.

The Franchise Agreements also included non-solicit and non-disclosure clauses. Magerle Decl., Ex. D at § 10.d.; Ex. E at § 10.d; Ex. D at § 12.c; Ex. E at § 12.c. Under section 10.h., McHugh agreed that Plaintiffs are "entitled to a temporary restraining order, preliminary and permanent injunction for any breach of duties under any of the non-monetary obligations of paragraph 9 [post-term obligations] above or of this Paragraph 10 [non-compete/non-solicitation agreements] and that such an order or injunctions shall issue without the posting of

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 2

any bond by Liberty." Magerle Decl., Ex. D-E. Virginia law governs all substantive claims related to the Franchise Agreement. Ex. D at § 17a.; Ex. E at § 17.a.

Although Ms. McHugh entered into this Franchise Agreement with Defendants, she actually purchased the Liberty Tax Service franchise from a prior franchisee, Valsaint Group, Inc. Dkt. #35 at 6. This purchase and sale agreement was memorialized in a contract also dated June 24, 2015. *Id.*

Plaintiffs allege that Defendant McHugh effectively abandoned her franchises in the Spring of 2019, and therefore sent her a franchise termination letter on August 2, 2019. Magerle Decl. at ¶18 and Ex. K. The letter discussed evidence that McHugh abandoned her franchises and pointed out that she owed Plaintiffs thousands of dollars.

After the termination, Plaintiffs discovered that Defendant McHugh's business, KVC, and KVC Tax Services, a new tax preparation business, were operating out of an office at 1609 Central Ave. South, Suite L, Kent, WA 98032 (the "Kent location"). Magerle Decl. at ¶ 20; Ex. F. This location is less than ten miles from Federal Way. Plaintiffs state that "[c]ustomer reviews regarding KVC demonstrate that McHugh and KVC are operating a competing tax business and soliciting Plaintiffs' former franchises' customers." Dkt. #8 at 6. Plaintiffs cite to three reviews indicating that Defendant McHugh has retained customers who are returning for the same tax services this year. *Id*. at 7. Plaintiffs argue that McHugh's LinkedIn page still notes that she is "director of operations" at Liberty. *Id*. at 7.

Plaintiffs allege that Defendant McHugh has knowingly and intentionally breached her Franchise Agreements with Plaintiffs by operating KVC, a competing tax preparation business, after Plaintiffs terminated her franchise. Dkt. #8 at 1.

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 3

## III. LEGAL ANALYSIS

Plaintiffs, relying on their verified Complaint and declarations submitted with this Motion, "seek the Court's assistance in enforcing McHugh's Franchise Agreements and protecting them from Defendants' further unlawful competition and solicitation of Plaintiffs' customers." Dkt. #8 at 2. Specifically, Plaintiffs request that the Court:

1. Enjoin Defendants from holding themselves out as being associated with Plaintiffs.

2. Enjoin Defendants from owning, maintaining, engaging in, or having any interest in any other business which sells any products and services similar to those sold as part of the Liberty Tax Service® or SiempreTax systems within 25 miles of McHugh's former Franchise's location for two years;

3. Enjoin Defendants from employing or seeking to employ any person who is employed by Plaintiffs or any of Plaintiffs' franchisees, or otherwise induce or seek to induce such person to leave his or her employment;

4. Enjoin Defendants from using any Confidential Information, including but not limited to customer lists, manuals, or others systems provided by Plaintiffs; and

5. Enjoin Defendants from diverting or attempting to divert any customer or business from Plaintiffs or solicit or endeavor to obtain the business of any person who have been a customer of any of the Franchise Locations.

*Id*. at 3.

Granting a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). A party can obtain a preliminary injunction by showing that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Id*. at 555 U.S. 20. A preliminary

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 4

injunction may also be appropriate if a movant raises "serious questions going to the merits" and the "balance of hardships . . . tips sharply towards" it, as long as the second and third Winter factors are satisfied. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

"Evidence of loss of control over business reputation and damage to goodwill [can] constitute irreparable harm," so long as there is concrete evidence in the record of those things. *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013). A party seeking injunctive relief may not rely on "unsupported and conclusory statements regarding harm [the plaintiff] might suffer" in the future. *Id*. Irreparable harm will not be presumed where plaintiff presents no proof beyond speculation that its reputation or goodwill in the market will be damaged, because the Court has no way of evaluating this intangible harm. *See Mirina Corp. v. Marina Biotech*, 770 F. Supp. 2d 1153, 1162 (W.D. Wash. 2011).

RCW 49.62, Washington State's new anti-noncompete law, went into effect January 1, 2020 and applies retroactively to all cases filed after that date regardless of when the cause of action accrued. RCW 49.62.100. The law states that "A noncompetition covenant is void and unenforceable against an independent contractor unless the independent contractor's earnings from the party seeking enforcement exceed two hundred fifty thousand dollars per year." The Franchise Agreement states "You and Liberty are independent contractors to each other," Dkt. #10 at 28, and this is relied on by Defendants to defend against Plaintiffs' claims. However, RCW 49.62.010(4) states, "A 'noncompetition covenant' does not include: (a) A nonsolicitation agreement; (b) a confidentiality agreement; (c) a covenant prohibiting use or disclosure of trade secrets or inventions; (d) a covenant entered into by a person purchasing or

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 5

selling the goodwill of a business or otherwise acquiring or disposing of an ownership interest; or (e) a covenant entered into by a franchisee when the franchise sale complies with RCW 19.100.020(1)." RCW 19.100.020(1) states "[i]t is unlawful for any franchisor or subfranchisor to sell or offer to sell any franchise in this state unless the offer of the franchise has been registered under this chapter or exempted under RCW 19.100.030." RCW 19.100.030(1) provides the following exemption:

> The offer or sale or transfer of a franchise by a franchisee who is not an affiliate of the franchisor for the franchisee's own account if the franchisee's entire franchise is sold and the sale is not effected by or through the franchisor. A sale is not effected by or through a franchisor merely because a franchisor has a right to approve or disapprove the sale or requires payment of a reasonable transfer fee. Such right to approve or disapprove the sale shall be exercised in a reasonable manner.

RCW 49.62.060 states, "[n]o franchisor may restrict, restrain, or prohibit in any way a franchisee from soliciting or hiring any employee of the franchisor."

The Court has reviewed the record and the verified Complaint and finds that Plaintiffs have made a sufficient showing of a likelihood to succeed on the merits to warrant a preliminary injunction. It appears to the Court that Defendants likely breached or may intend to breach valid and enforceable noncompetition, nonsolicitation, and nondisclosure agreements by operating a competing tax business within 25 miles and soliciting former customers. The noncompetition provisions were appropriately limited in time and geography and have been upheld in Virginia. *See JTH Tax, Inc. v. Noor,* No. 2:11cv22, 2012 U.S. Dist. LEXIS 138657, at *13 (E.D. Va. Sep. 26, 2012); *Salewski v. Pilchuck Veterinary Hosp., Inc.*, 189 Wn. App. 898, 906, 359 P.3d 884, 888 (2015). The noncompetition provisions are likely not in violation of RCW 49.62 because the provisions were clearly and explicitly contained within a "Franchise Agreement" rather than an employment contract and because RCW 49.62.010(4) excludes this

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 6

agreement from Washington's new noncompetition agreement law.  Plaintiffs have put forth sufficient evidence that the franchises were transferred in conformity with RCW 19.100.020(1) because the Liberty Tax franchise was transferred by a franchisee who is not an affiliate of the franchisor for the franchisee's own account, the franchisee's entire franchise was sold, and the sale was not effected by or through the franchisor.  Plaintiffs have put forth sufficient evidence that SiempreTax was registered to sell franchises in Washington.  *See* Dkt. #34 at 2.  The sale conformed with RCW 19.100.020(1), and Defendants have put forth no evidence to the contrary.  In any event, it is clear that RCW 49.62 was not intended to apply to the agreement at issue in this case, where Defendants were not operating as independent contractors for Plaintiffs for purposes of this law and were instead operating as franchisees.

The Court previously ruled and continues to find that Plaintiffs have made the required showing of irreparable harm by arguing that Defendants' actions risk a loss of customer goodwill and damage to the franchisee system.  *See* Dkt. #8 at 12–13 (citing, *inter alia*, *Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 763 (9th Cir. 2018); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001)).  The Court agrees with Plaintiffs that, based on this record, the balance of equites tips in favor of Plaintiffs and that a preliminary injunction is in the public interest as it could prevent customer confusion.

The Plaintiffs' requested relief will be limited to that which is appropriate given the facts of this case.  At oral argument, Plaintiffs withdrew their request to enjoin Defendants from employing or seeking to employ any person who is employed by Plaintiffs or any of Plaintiffs' franchisees, or to otherwise induce or seek to induce such person to leave his or her employment.

Federal Rule of Civil Procedure 65(c) provides that the Court may grant a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Plaintiffs argue that Defendant McHugh agreed in Section 10.h. of the Franchise Agreements to waive the bond requirement. Dkt. #8 at 19. However, Defendants argue in part that the entire Agreement was illegal for statutory reasons. The Court is not entirely convinced by Plaintiffs' limited argument that this waiver is enforceable in this case given Defendants' position. Based on the limited information in the record as to the value of Defendants' businesses and the potential harm from this injunction, the Court will set bond at $100,000.

## IV. CONCLUSION

Having considered Plaintiff's Motion and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiffs' Motion for Preliminary Injunction, Dkt. #7, is GRANTED.

2. For the duration of this action, Defendants Lorraine McHugh, Richard O'Brien, and KVC Enterprises LLC are ENJOINED from the following:

    a. Holding themselves out as being associated with Plaintiffs or using and/or displaying Plaintiffs' Marks without Plaintiffs' consent;

    b. Operating a tax preparation business within 25 miles of McHugh's former Franchise territory;

    c. Using any confidential information from manuals or systems provided by Plaintiffs;

    d. Diverting or attempting to divert any customer or business from Plaintiffs or soliciting or endeavoring to obtain the business of any

person who shall have been a customer of any of Defendants' prior franchise locations.

3. Plaintiffs must post bond in the amount of $100,000 in the Court registry within 14 days of this Order.

DATED this 7th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE