UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JTH TAX LLC (d/b/a LIBERTY TAX SERVICE) and SIEMPRETAX+ LLC, <br><br> Plaintiffs, <br><br> v. <br><br> LORRAINE MCHUGH, RICHARD O'BRIEN, and KVC ENTERPRISES LLC, <br><br> Defendants. | Case No. C20-329RSM <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' Motion to Compel. Dkt. #61. Plaintiffs certify that they met and conferred with Defendants on this issue via telephone. Dkt. #62 ("Lockwood Decl."), ¶ 12. Plaintiffs initially stated Defendants "failed to provide *any* discovery responses." Dkt. #61 at 1. Defendants declined to respond to this Motion. Instead and in response to this Motion, Defendants have now, according to Plaintiffs, "provided unsigned, uncertified, largely nonresponsive responses to interrogatories, responses to the requests for production, and about 114 pages of other documents, only some of which were responsive to the requests." Dkt. #64 (citing Dkt. #65 ("Second Lockwood Decl."), ¶¶ 2-7, Exs. A-B.). After reviewing the attached exhibits, the Court agrees with this description. Almost all

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 1

of the interrogatory responses lack appropriate detail, and Plaintiffs have presented compelling evidence that many of the answers are clearly incorrect or intentionally incomplete. *See* Second Lockwood Decl. at ¶ 4, Dkt. #64 at 2. Defendants have contradicted themselves on the use of Plaintiffs' tax software. Defendants provide no detail regarding who they have been preparing taxes for and their revenue. Defendants did not provide any responsive documents to requests for production 17, 18, 20, 25-28, and 33-34. Clearly an order compelling further discovery responses is warranted. But Plaintiffs request more.

On February 28, 2020, Plaintiffs brought this case to stop Defendants from violating their franchise agreements and recoup funds owed to them. Dkt. #1. This Court entered a temporary restraining order on March 20, 2020, and preliminary injunction on April 7, 2020. Dkts. #20 and #37. The Court denied Defendants' motion to reconsider the preliminary injunction Order on April 21, 2020. Dkt. #43. Defendants appealed but later dismissed their appeal before it was briefed. Dkts. #48 and #53. Plaintiffs moved for default, Dkt. #54, Defendants filed an Answer before the Court ruled, and the Court thus denied Plaintiffs' Motion. Dkt. #58.

Plaintiffs present evidence that Defendants have been operating their business in violation of the Court's Preliminary Injunction. Dkt. #64 at 3 (citing the deposition of Defendant Lorraine McHugh). Plaintiffs say they plan to move for sanctions on this issue at a later date, *id*., and the Court finds that this issue is not properly before the Court.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). Evasive or incomplete answers or responses to discovery are treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Rule 37 provides that if a motion to compel is granted or disclosure or discovery is provided after filing, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A). However, a court must not order this payment if: ". . .the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii).

The Court finds that an order compelling production is clearly warranted at this stage. Plaintiffs also request sanctions under Rule 37(b)(2)(A). Dkt. #61 at 4. Defendants have played a dangerous game in failing to file an opposition brief. *See* LCR 7(b)(2) ("…if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). The Court finds, however, that the requested sanctions are only available for the violation of a court discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party… fails to obey an order to provide or permit discovery…"). Defendants have not violated a discovery order yet because the instant order has not been issued. The requested sanctions may be warranted if, after this Order, Defendants continue to fail to satisfactorily respond to Plaintiffs' reasonable discovery requests.

Plaintiffs' request for costs and fees are not contested and will be awarded. All other issues can be dealt with in future motions.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Compel, Dkt. #61, is GRANTED IN PART. Defendants are COMPELLED to produce supplemental responses to Plaintiffs' discovery requests mentioned in briefing. If Plaintiffs are forced to file a second motion to compel, the Court will consider requests for further sanctions up to and including default judgment. Plaintiffs are awarded $2,790 in costs and fees, to be paid by Defendants no later than thirty (30) days from the date of this Order.

DATED this 3rd day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE