UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JTH TAX LLC (d/b/a LIBERTY TAX SERVICE) and SIEMPRETAX+ LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LORRAINE MCHUGH, RICHARD O'BRIEN, and KVC ENTERPRISES LLC,<br><br>Defendants. | Case No. C20-329RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND ISSUING PERMANENT INJUNCTION |

This matter comes before the Court on Plaintiffs JTH Tax LLC d/b/a Liberty Tax Service ("Liberty") and SiempreTax+ LLC ("SiempreTax")'s Motion for Partial Summary Judgment. Dkt. #67. Plaintiffs move for summary judgment on Counts III (breach of non-compete) and IV (breach of contract). Defendants Lorraine McHugh, Richard O'Brien, and KVC Enterprises, LLC have failed to file a timely opposition brief. *See* Dkt. #71 ("Order Denying Motion to Continue Deadline for Response to Motion for Summary Judgment"). Neither party has requested oral argument.

The background facts of this case have already been set forth in the Court's Preliminary Injunction Order and are incorporated here by reference. *See* Dkt. #37.

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

In that Order, the Court found that on June 24, 2015, Defendant Lorraine McHugh entered into certain Franchise Agreements with Plaintiffs. Dkt. #37 (citing Dkt. #10 ("Magerle Decl.") at ¶ 14 and Ex.'s D and E). The Franchise Agreements included a non-compete clause, which stated that: "[f]or a period of two (2) years following the… termination… of the Franchised Business… you agree not to directly or indirectly, for a fee or charge, prepare or electronically file income tax returns… within the Territory or within a twenty-five miles of the boundaries of the Territory."  Magerle Decl. Ex. D at §10.b.; Ex. E at §10.b.  The Franchise Agreements also included non-solicit and non-disclosure clauses. *Id.,* Ex. D at § 10.d.; Ex. E at § 10.d; Ex. D at § 12.c; Ex. E at § 12.c.

That same day McHugh entered into a loan agreement with Liberty (the "Note") to purchase a franchise area from an existing Liberty franchisee.  Dkt. #68 ("Lockwood Decl."), Ex. T; Ex. U (McHugh Deposition) at 62:10-21.  Under the Note, McHugh borrowed $140,000 at an interest rate of 12% per annum and agreed to fully repay the loan by February 28, 2021. Ex. T.  To date, the Note has not been fully repaid and McHugh admits she owes Liberty more than $90,000.  Ex. U at 62:19-21.

Plaintiffs argue that Defendant McHugh effectively abandoned her franchises in the Spring of 2019, and this is why they sent her a franchise termination letter on August 2, 2019. Magerle Decl. at ¶18 and Ex. K.

Plaintiffs subsequently discovered that Defendant McHugh's business, KVC, and KVC Tax Services, a new tax preparation business, were operating out of an office at 1609 Central Ave. South, Suite L, Kent, WA 98032 (the "Kent location").  Magerle Decl. at ¶ 20; Ex. F.

On April 7, 2020, the Court entered a preliminary injunction against Defendants enjoining them from:

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

>   a. Holding themselves out as being associated with Plaintiffs or using and/or displaying Plaintiffs' Marks without Plaintiffs' consent;
>   b. Operating a tax preparation business within 25 miles of McHugh's former Franchise territory;
>   c. Using any confidential information from manuals or systems provided by Plaintiffs;
>   d. Diverting or attempting to divert any customer or business from Plaintiffs or soliciting or endeavoring to obtain the business of any person who shall have been a customer of any of Defendants' prior franchise locations.

Dkt. #37 at 8–9. This injunction only operates for the duration of this action. *Id.*

Plaintiffs now move for the Court to find Defendants have violated the above agreements as a matter of law. Plaintiffs set forth undisputed evidence that Defendant McHugh has breached her loan agreement, Dkt. #67 at 6, and breached the franchise agreements by operating her own competing tax preparation business, *id*. at 6–8. Plaintiffs seek damages under the Note, but only seek a finding of liability for the breach of the franchise agreements, reserving the issue of actual damages for a future hearing. *Id*. at 10. Plaintiffs also seek to extend the preliminary injunction for two years into the future. *Id*. at 12.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Defendant McHugh acknowledges in her deposition that the Note is a valid and enforceable contract. Ex. T; Ex. U at 62:10-18. She further acknowledges that she violated that agreement by failing to pay the amounts owed under the note, more than $90,000. *Id*. at 62:19-21. Accordingly, McHugh has breached the Note and judgment against McHugh should be entered in the amount of $96,006.65 plus accrued interest, costs, and attorney's fees.

Viewing the evidence and drawing inferences in the light most favorable to the non-moving party, it is clear from the record that Defendant McHugh breached the non-compete and non-solicit clauses of the franchise agreements. She has failed to contest this point in briefing.

The Court finds that Plaintiffs' requested relief of a prospective two-year injunction on the same terms as the preliminary injunction is warranted under these circumstances.

## I.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiffs' Motion for Partial Summary Judgment, Dkt. #67, is GRANTED.
2) Defendant McHugh is liable under the Note and owes Plaintiff Liberty $96,006.65, plus interest, costs, and fees in an amount to be proven at a subsequent hearing.

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

3) Defendants are liable for Plaintiffs' Breach of Covenants Not to Compete and Solicit claim. The issue of damages is reserved for a subsequent hearing.

4) Defendants are ENJOINED from owning, maintaining, engaging in, working for, or having any interest in any other business which sells any products similar to those sold as part of the Liberty Tax Service system within twenty-five miles of McHugh's former Franchise territory; and from diverting or attempting to divert any customer or business from Plaintiffs or solicit or endeavor to obtain the business of any person who shall have been a customer of any of Defendants' prior Franchise locations. This injunction replaces the preliminary injunction and shall expire two years from today's date.

DATED this 16th day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE