UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JTH TAX LLC (d/b/a LIBERTY TAX SERVICE) and SIEMPRETAX+ LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LORRAINE MCHUGH, RICHARD O'BRIEN, and KVC ENTERPRISES LLC,<br><br>Defendants. | Case No. C20-329RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO HOLD DEFENDANTS IN CONTEMPT |

This matter comes before the Court on Plaintiffs JTH Tax LLC d/b/a Liberty Tax Service ("Liberty") and SiempreTax+ LLC ("SiempreTax")'s Motion for Contempt, noted for consideration on August 27, 2021. Dkt. #72. Defendants Lorraine McHugh, Richard O'Brien, and KVC Enterprises LLC have filed an opposition brief through their attorney Eric Helmy. Dkt. #79. Filed on August 23, 2021, this includes a brief substantive response but also attempts to move for relief from the deadline to respond, seeking an additional 45 days "to produce the requisite details in terms of why they have not been able to comply with the Court's order." *Id*. at 2. The only reason offered to justify this request is: "[d]efense counsel has recently

ORDER GRANTING PLAINTIFFS' MOTION TO HOLD DEFENDANTS IN CONTEMPT - 1

concluded back-to-back jury trials, and has been playing catchup on multiple matters for the better part of the last month." *Id*.

A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance to allow the court to rule prior to the deadline. LCR 7(j). Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise. *Id*. Defendants have not filed their motion sufficiently in advance of the deadline, nor have they offered a convincing reason for such a request. Even if this request were procedurally proper it would be denied.

Turning to the substance of the Motion, Plaintiffs assert, "[i]ncontrovertible evidence demonstrates that Defendants have knowingly and repeatedly violated this Court's Orders by continuing to operate a tax preparation business in violation of the preliminary injunction and by failing to participate in discovery, even after the Court's Order compelling further discovery." Dkt. #72 at 1. Plaintiffs cite to previously filed declarations and exhibits, including an apparent admission by Ms. McHugh to violating the preliminary injunction from her deposition. Plaintiffs seek monetary sanctions in the amount of Defendants' revenue earned in violation of the Court's Order, as well as the fees and costs associated with this Motion.

In the Response brief, Defendants' attorney states that "Defendant affirms the admissions rendered in the deposition of Lorraine McHugh, but avers that she has had no option but to continue practicing tax preparation" because she in indigent and needs the money "to sustain the family of Ms. McHugh and Mr. O'Brien." Dkt. #79 at 1. Defendants assert a defense of "impossibility." *Id*. As stated in Defendants own briefing, such a defense requires the defendant to "show categorically and in detail why he or she is unable to comply with the

ORDER GRANTING PLAINTIFFS' MOTION TO HOLD DEFENDANTS IN CONTEMPT - 2

court's order." *Id*. at 2 (citing *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir.1996)). Such detail has not been submitted.

"Civil contempt... consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual—Deck Video Cassette Recorder Antitrust Litigation Go-Video Inc.*, 10 F.3d 693, 695 (9th Cir. 1993). To succeed on a motion for contempt, the moving party "must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or de minimis, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order." *United States v. Bright,* 596 F.3d 683, 694 (9th Cir. 2010). Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both. In addition to the contempt sanctions discussed above, a court may order sanctions to address violations of discovery orders. *See* Fed. R. Civ. P. 37(b)(2)(A).

The Court has broad discretion to implement an appropriate discovery sanctions for violations of its orders. *Oilier v. Sweetwater Union High Sch. Dist*., 768 F.3d 843, 859 (9th Cir. 2014). When determining the type and severity of sanction to be ordered, the Court should consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

The Court agrees the record demonstrates Defendants repeatedly, knowingly and intentionally violated the Court's preliminary injunction. *See* Dkt. #73-1 at 26:12-21; Dkt #73-

ORDER GRANTING PLAINTIFFS' MOTION TO HOLD DEFENDANTS IN CONTEMPT - 3

2. These violations were not technical in nature. Although Plaintiffs assert that Defendant earned between $30,000 and $40,000 through these violations, Dkt. #72 at 4, the Court will reserve the issue of the amount of sanctions for a future hearing.

The impossibility defense is raised by Defendants but not supported with any evidence, not even a declaration from Defendants stating that they are indigent. Defendants have failed to meet their burden as to this defense and the Court will hold Defendants in contempt.

The Court also agrees with Plaintiffs that Defendants have failed to produce Court-ordered discovery. Plaintiffs request "a default be entered against Defendants and that this Court set a hearing on damages only to be set after allowing sufficient time for Plaintiffs to review evidence, which Defendants have not yet produced." Dkt. #74 at 8. However, the Court has already granted partial summary judgment resolving all issues except the issue of damages, and no further relief is appropriate at this time.

Accordingly, having reviewed the briefing and the remainder of the record, the Court FINDS and ORDERS that Plaintiffs' Motion, Dkt. #72, is GRANTED IN PART. The Court holds Defendants in contempt. The fees and costs associated with filing this Motion will be awarded to Plaintiffs. The issue of the amount to be awarded as sanctions will be reserved for discussion at a subsequent hearing on damages.

DATED this 7th day of September, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION TO HOLD DEFENDANTS IN CONTEMPT - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING PLAINTIFFS' MOTION TO HOLD DEFENDANTS IN CONTEMPT - 5