UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JTH TAX LLC (d/b/a LIBERTY TAX SERVICE) and SIEMPRETAX+ LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LORRAINE MCHUGH, RICHARD O'BRIEN, and KVC ENTERPRISES LLC,<br><br>Defendants. | Case No. C20-329RSM<br><br>ORDER DENYING MOTION FOR RELIEF FROM DEFAULT |

This matter comes before the Court on Defendants' "Motion for Relief from Default." Dkt. #86. Defendants seek "relief from the sanction of default," referring back to the Court's most recent Order sanctioning Defendants for "violating the Court's Preliminary Injunction Order… and for failure to appear at the September 13, 2021, status conference scheduled by the Court." Dkt. #85. The purpose of the status conference was to discuss how to proceed with a hearing on fees, costs, and damages to be awarded as sanctions against Defendants for being held in contempt for violating the Court's Preliminary Injunction Order. Dkt. #83. Defendants' counsel now claims that his failure to appear at the status conference was "not the result of any intended or deliberate misconduct, but rather was the result of an inadvertent administrative

ORDER DENYING MOTION FOR RELIEF FROM DEFAULT - 1

error and unfortunate timing." Dkt. #86 at 1. Apparently, defense counsel failed to properly calendar the hearing and the reminder email from the Court was not received because he was "on the road back from British Columbia." *Id*. at 1–2. Defendants urge the Court to find that "the lack of bad faith or willful misconduct militates against entry of default as a sanction." *Id*. at 2. Defendants here are essentially asking the Court to reconsider its prior ruling.

Plaintiffs in their Response cite to the Rule 55(c) standard below for setting aside a default. *See* Dkt. #87. Defendants adopt this framing of the issue in their Reply. *See* Dkt. #89 ("The question now present before the Court is whether good cause exists to set aside the default. FRCP 55…").

Pursuant to Rule 55(c), the Court may set aside an entry of default for "good cause shown." In determining whether good cause exists, the Court must consider: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff (the "*Falk* factors"). *See Franchise Holding II, LLC. v. Huntington Rest's Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir.2004); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984) (per curiam). The test is disjunctive, so a court may deny a motion to set aside an entry of default if any one of the three *Falk* factors favors default. *Franchise Holding*, 375 F.3d at 925-26 (citing *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000)). The defendant bears the burden of establishing that the default should be set aside. *Id*.

Whether the Court considers this filing as a Motion for reconsideration or a Motion to set aside entry of default under Rule 55(c), the outcome is the same. Defendants engaged in willful behavior leading to the Court's prior contempt finding, and this played a role in the sanction. The Court considered default as a sanction in the underlying Order but ruled that such

ORDER DENYING MOTION FOR RELIEF FROM DEFAULT - 2

relief was not appropriate "at this time." Dkt. #83 at 4. Defendants' status conference no-show was part of a pattern in this case indicating bad faith that ended up being the final straw.

The parties agree Defendants have the burden of establishing good cause to set aside default, and the Court finds that good cause has not been shown. Defendants have engaged in culpable behavior prior to the status conference, and their absence at the status conference demonstrates a continued negligent or deliberate disregard for these proceedings. *See, e.g.,* Dkt. #71, Dkt. #83 at 1-2. At this point, setting aside default would prejudice Plaintiff who has already had to put up with Defendants' behavior in violation of the Court's Preliminary Injunction. Enough is enough.

Having considered the briefing of the parties and the remainder of the record, the Court hereby FINDS and ORDERS that Defendants' Motion for Relief from Default, Dkt. #86, is DENIED. This case will proceed when Plaintiffs file a motion for default judgment.

DATED this 26th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE